UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA L. CULLUM; DEIRDRE SALEH,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>WYNDHAM HOTELS & RESORTS CORP.;<br>WYNDHAM DESTINATIONS INC;<br>GEOFFREY A. BALLOTTI; WYNDHAM<br>HOTELS (WH) & RESORTS, INC.;<br>ELISABETH GALE dba WYNDHAM<br>CORPORATE OFFICE &<br>HEADQUARTERS; BROADRIDGE<br>CORPORATE ISSUER SOLUTIONS,<br><br>                              Defendants. | 22-cv-9700 (RA)<br><br><u>ORDER TO AMEND</u> |

RONNIE ABRAMS, United States District Judge:

Plaintiffs Sandra L. Cullum and Deirdre Saleh, both of Brooklyn, New York,[1] bring this

*pro se* action invoking the Court's federal-question jurisdiction, citing the following statutes and

regulations:

> Codes: 195, 196, 370, 371, 380, 385 & 446 -Violation of [the Truth in Lending Act
> (TILA)], U.S.C. § 1635(f), 1640, Reg. Z, 12 C.F.R. § 226.15(a)(3), 225.23(a)(3) &
> 226.23, - 15 U.S.C. § 1611 (Criminal liability for willful & knowing violation); §
> 1640 (Civil liability), Consumers Damage § 1640; - Failure to support the invoked
> Consumer Rights of Rescission 15 U.S.C. § 1635 & failure to document property
> of a purchase – US § 1026.15 Right of Rescission. N.Y. Penal Law § 260.32. N.Y.
> Penal Law § 260.34. N.Y. Penal Law (§349-350-e).; § 155.30(4) – N.Y. Penal Law
> Gen. Bus. § 350.; Statute of Frauds GOB § 5-703; N.Y. Penal Law § 70.; New York
> Penal Law § 165.15, § 165.17[.]

Dkt. 1, at 2.

They sue the following Defendants: (1) Wyndham Hotels & Resorts Corp., of Parsippany,

New Jersey; (2) Wyndham Destinations Inc., of Orlando, Florida; (3) Geoffrey A. Ballotti, the

---

[1] Plaintiffs have paid the fees to bring this action, and the Clerk of Court has issued summonses.

President and Chief Executive Officer of Wyndham Hotels & Resorts Corp., of Parsippany, New Jersey; (4) "Wyndham Hotels (WH) & Resorts, Inc.," of Parsippany, New Jersey; (5) Elisabeth Gale "dba Wyndham Corporate Office & Headquarters," of Orlando, Florida; and (6) Broadridge Corporate Issuer Solutions, which may be located in Brentwood, New York.

Plaintiffs seek the following relief:

> Individual Lawsuit Action – Established by Plaintiff alleging failure to Perform in the following actions Negligence, $376,000.00 Individual (Judgement Compensatory, Injury, Pain & Suffering of Financial Losses) – Class Action Lawsuit – Against SM Corporation: Defendant $15.4 Billion Dollars at = 500K Consumers at $30,000 minimum paid for timeshares they can[']t use = - Relief of their Timeshares who hadn't been paid back & are dissolved of amounts of money they paid funds into a fraudulent scheme to defraud elderly citizens as citizens has a right to be refunded all payments, repaid and damages awarded of $30K per person also. – Requesting: Default judgment, Summary Judgment, & also Judgment on the pleadings.

*Id.* at 6.

For the reasons set forth below, the Court directs Plaintiffs to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiffs have paid the fees to bring a civil action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiffs notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). Leave to amend need not be granted, however, if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies

or to state a claim[.]" *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## BACKGROUND

Plaintiffs assert claims under federal and state civil and criminal law, but do not specify the particulars of the underlying conduct to support such claims. They do allege that sometime between January 19, 2019 and the present, in unspecified locations within the States of New York, New Jersey, and Florida, the Defendants

> [u]sed high-pressure sales tactics to pressure [Plaintiffs] into buying[;] . . . [m]isrepressented what [Plaintiffs] would receive as part of the ownership[;] . . . told [Plaintiffs] the timeshare is an investment opportunity, . . . and [they] completely misrepresented the need for respect, clarity, [and] honesty[;] . . . [they did] not car[e] about the fraudulent [and] deceitful misrepresentation [they] posed to hurt consumers[;] . . . [d]id not fully disclose the cost of maintenance fees and special assessment fees[;] . . . did not thoroughly discuss financing terms[;] and they] . . . [d]id not disclose [Plaintiffs'] right of recission.

Dkt. 1 at 18. Plaintiffs further allege that they are the victims of "[w]rongful [f]raud of [d]eceptive [and] [m]anipulative [t]rade/[b]usiness [p]ractices." *Id.* at 11. Plaintiffs also assert that they are victims of "[w]rongful [t]ime [s]hare [a]ssignment[,] . . . temporary/provisional hold[ing] of credit card payments and monetary allocation of deceptive payments delivered." *Id.*

## DISCUSSION

### I.    Private Prosecution

To the extent that Plaintiffs assert claims in which they seek the criminal investigation and prosecution of any of the Defendants, such claims must be dismissed. Plaintiffs cannot initiate a prosecution in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Plaintiffs, moreover, cannot direct prosecutors to initiate a criminal proceeding against Defendants because prosecutors possess discretionary authority to bring criminal actions and are "immune from control or interference by

citizen or court[.]" *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiffs seek the criminal prosecution of any of the Defendants. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.") (internal citations omitted).

## II.    Rule 8

The Court is obliged to construe *pro se* pleadings liberally and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation omitted, emphasis in original). Nonetheless, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement establishing that the pleader is entitled to relief. "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). The Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679. "[T]he complaint must at a minimum disclose sufficient

information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d. at 141 (internal citations omitted).

Plaintiffs' complaint does not satisfy the Rule 8 pleading requirements because the allegations are generalized conclusions about Defendants' conduct that lack specific factual support. Plaintiffs do not provide enough factual detail to allow the Court to draw the inference that Defendants are liable for the alleged misconduct. Thus, Plaintiffs' complaint fails to state a claim on which relief may be granted.

In light of Plaintiffs' *pro se* status, the Court grants Plaintiffs leave to file an amended complaint that complies with the Rule 8 pleading requirements. In the "Statement of Claim" section of their amended complaint, Plaintiffs must provide a short and plain statement of the specific facts supporting each claim against each Defendant. If Plaintiffs have an address for any named Defendant, they must provide it. Plaintiffs should include all the information in the amended complaint that they want the Court to consider, including:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each Defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiffs suffered; and

d) the relief Plaintiffs seek, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiffs' amended complaint should tell the Court: who they believe violated their rights or injured them; how, when, and where such violations or injuries occurred; and why Plaintiffs are entitled to relief. Plaintiffs are advised that although the Court is "obligated to draw the most favorable inferences that [Plaintiffs'] complaint supports, [the Court] cannot invent

factual allegations that [they] ha[ve] not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs want to include from the original complaint must be repeated in the amended complaint.

## III.   Venue

Plaintiffs have not, moreover,  alleged facts establishing that this Court is the proper venue for their claims. Venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *4 (S.D.N.Y. Feb. 16, 2018). Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, § 1391(c)(1), and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," § 1391(c)(2). With respect to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district

were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Plaintiffs both reside in Brooklyn, Kings County, New York, which is within the Eastern District of New York, *see* 28 U.S.C. § 112(c). They allege that Defendants are or may be located in Parsippany, New Jersey, which is within the District of New Jersey, *see* 28 U.S.C. § 110; in Orlando, Florida, which is within the Middle District of Florida, *see* 28 U.S.C. § 89(b); or in Brentwood, Suffolk County, New York, which is also located in the Eastern District of New York, *see* § 112(c).[2] They also allege that the events giving rise to their claims occurred in unspecified locations in the states of New York, New Jersey, and Florida. ECF 1, at 5. Without more, these allegations do not establish that this Court is a proper venue for Plaintiffs' claims. Accordingly, Plaintiffs must allege facts in their amended complaint establishing that venue in this Court is proper.

## CONCLUSION

The Court grants Plaintiffs leave to file an amended complaint that complies with the standards set forth above. Plaintiffs must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:22-CV-9700 (RA). An Amended Complaint Form is attached to this order. Defendants are not required to respond until after Plaintiffs have filed an amended complaint. If Plaintiffs fail to comply within the time allowed,

---

[2] The judicial district for this court – the Southern District of New York – is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

and they cannot show good cause to excuse such failure, the Court may dismiss this action for lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:       December 20, 2022
             New York, New York

_____
Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4: _____

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.