**FROM PLAINTIFF'S** - Sandra L. Cullum and Deidre Saleh, et. al.
- · Ms. Sandra L. Cullum, 2770 West 5th Ave Apt. 7A., Brooklyn, NY 11224, Tel#646-229-5032
    Email: sbrwnsugah@aol.com
- · Ms. Deirdre Saleh, 2675 W 36th St., Apt. 1E., Brooklyn, NY 11224, Tel#347-244-2753
    Email: deedee403@gmail.com

**CC:** Attn The Honorable, Laura T. Swain (Presiding) & Sarah Netburn (Referral), United States Magistrate Judge:
*Pro Se Intake Unit,* U.S. District Court, Southern Distr. of New York, 40 Foley Sq., Rm 105, New York, NY 10007
Email: temporary_pro_se_filing@nysd.uscourts

**Case No:** 22-CV-09700
**Request Docket Inputs:**
**PLAINTIFF'S MOTION REQUEST FORMAL RECONSIDERATION OF COURT ORDER JUDGED DECISION.**

**TO: DEFENDANT'S'S -  WYNDHAM HOTELS & RESORTS CORP. ET AL**
- · Mr. Geoffrey A. Ballotti, President & Chief Exec. Officer (CEO) Wyndham Hotels & Resorts, Corp., D.B.A. Wyndham Corporate Office & Headquarters aka Wyndham Corp. & the
- · Wyndham Destinations Hotels (WH) & Resorts, Inc., Ms. Elisabeth Gale, dba Wyndham Corp.
- · Wyndham Hotels & Resorts Corporation & Wyndham Destinations, Inc.: aka Travel & Leisure Co.
- · Broadridge Corporate Issuer Solutions, Office & Headquarters

**Wyndham Hotels & Resorts Corp. et. al.**
Party I
- **Mr. Geoffrey A. Ballotti, President & Chief Exec. Officer (CEO)**
    Wyndham Hotels & Resorts Corporation
    22 Sylvan Way
    Parsippany, NJ 07054, Tel# 973-753-6000
Party II
- **Wyndham Hotels (W.H.) & Resorts, Corp. D.B.A.**
    **Wyndham Corporate Office & Headquarters**,
    **Attn:** Wyndham Hotels & Resorts Corporation
    22 Sylvan Way
    Parsippany, NJ 07054, Tel# 973-753-6000
Party III
- **Wyndham Destinations**
    6277 Sea Harbor Drive
    Orlando, FL 31821
    Attn: Elisabeth.Gale@wyn.com
    Office: 800 251 8736 & Fax: 407 626 6328
Party IV
- **Agent: Broadridge Corporate Issuer Solutions**
    Broadridge Corporate Issuer Solutions
    P.O. Box 1342
    Brentwood, NY 11717
    T: 877-456-5394 & F: 215-553-5402

Caitlin Conklin, K&L Gates LLP
One Newark Center, 10th Floor.
Newark, NJ 07102
973-848-4049 & 973-848-4001 (fax)
caitlin.conklin@klgates.com
Assigned: 03/09/2023
LEAD ATTORNEY TO BE NOTICED representing:
Defendant's - Wyndham Hotels & Resorts Corp. et. al.

Attn: Lawrence Bluestone, Genova Burns, LLC
973-535-4434
lbluestone@genovaburns.com
Assigned: 12/22/2022
LEAD ATTORNEY
ATTORNEY TO BE NOTICED representing
Broadridge Corporate Issuer Solutions (Defendant's).
Attn: Cynthia P. McNutt, Genova Burns LLC
494 Broad Street
Newark, NJ 07102
973-533-0777
cmcnutt@genovaburns.com
Assigned: 12/20/2022
ATTORNEY TO BE NOTICED representing.
Broadridge Corporate Issuer Solutions (Defendant's).

**Re: Case No. 22-CV-09700 - Motion for Reconsideration to the US SDNY Federal Courts**

Dear Honorable Judge L.T. Swain (LTS) & Judge S. Netburn (SN), Esteemed Members of the Pro Se Intake Office, SDNY Federal Court: We, as Pro Se Litigants & as Class Action Plaintiffs - Deidre Saleh & Sandra Cullum.  I am writing to respectfully request a reconsideration of the ruling issued in Case Name: 22-CV-09700, dated 12 Feb 2024.  As a Plaintiff in this case, I believe there are compelling legal arguments and

evidence that were not adequately considered by the court, warranting a thorough review and reassessment of the decision.

Your Honor, again we would like to stress the imperative points you noted, respectfully with a rebuttal. First, Plaintiffs, acting in Pro Se, effort we present this comprehensive brief to assert the invalidity and unenforceability of the arbitration clause contained within Defendant Wyndham Corporation's timeshare contracts; please allow our facts to speak for themselves. Please, in almost every document we address our position with respect to the basis along with other vital noted issues surrounding the arbitration and its foundation. This arbitration clause, by its very nature, represents a flagrant affront to established legal norms, consumer protection statutes, and the overarching principles of justice and fairness. The issues at hand transcend not just any case but this case will be a landmark decision if we are at least not heard from the tens of thousands of elderly victims and ourselves. Let there be no mistake, we fully disagree with this arbitration and Defendants faulty language; by which we have done so in numerous feedback briefs to the court. Kindly, let us state for the record and walk you through some key points. We are pleading with the court to understand and seriously address the real legal technicalities; from arbitration to many other notable facts of address in which they strike at the core of our constitutional rights and the integrity of the legal system itself. It is imperative that we address these matters with the utmost urgency and diligence, which a Supreme Court of the United States (SCOTUS) Ruling as an opinion is also at hand, in support of the basis of our case also.

I. **Failure to Consider Comprehensive Evidence:** This point is crucial because the failure to consider all evidence presented by the Plaintiffs undermines the integrity of the legal process and denies them their right to a fair trial. By overlooking important financial documents, contractual agreements, & witness testimonies, the court's ruling fails to account for critical information that could significantly impact the outcome of the case. Your Honor, we respectfully submit that the Court must not overlook the jurisdictional issues presented in this case, as they are critical to ensuring a fair and just resolution. The facts and legal principles supporting jurisdiction, both diversity and personal, are clear and compelling, as outlined below:

   A. **Diversity Jurisdiction:**

      i. **Amount in Controversy:** Contrary to any assertion that the amount in controversy falls below the threshold for diversity jurisdiction, the actual sum at stake exceeds $164,000, well surpassing the $75,000 requirement mandated by 28 U.S. Code § 1332. This figure represents the aggregate damages suffered by the Plaintiffs as a result of the Defendant's alleged misconduct. And this is not just about us its tens of thousands of consumers are fleeced by this egregious scheme bigger than Enron and they have gone great lengths to conceal actions.

      ii. **Corporate Citizenship:** The Defendant, Wyndham Hotels, is a corporation with one of its principal places of business that operates well within great & beautiful New York City, within the jurisdiction of the Southern District of New York. As such, it is deemed a citizen of New York for diversity jurisdiction purposes, even though the CEO lives in New Jersey, while the Plaintiffs are not citizens of another state, but true African Elderly American New Yorkers. This diversity of citizenship satisfies the jurisdictional prerequisites under 28 U.S. Code § 1332.

   B. **Personal Jurisdiction:**

    i. Long Arm Statute: Pursuant to New York's long arm statute, codified under New York Civil Practice Law and Rules (CPLR) § 302, the Court has the authority to exercise personal jurisdiction over out-of-state Defendants if they engage in certain acts within the state.  Here, the Defendant's CEO, Mr. Ballotti, is the sole officer of the company and conducts substantial business activities in New York City, including overseeing the operation of the New Yorker Hotel, a multi-billion-dollar property and operates the timeshare.  These activities establish sufficient contacts with the state to warrant the Court's exercise of personal jurisdiction over Mr. Ballotti and his entities.

## C. Federal Antitrust Laws:

    i. Time Share Price Fixing Allegations: Plaintiffs allege that the Defendant, through its timeshare operations, engages in patten of corruption of price-fixing schemes that defraud innocent consumers & elderly citizens.  Such anticompetitive conduct violates federal antitrust laws, including the Sherman Antitrust Act (15 U.S. Code §§ 1-7) and the Clayton Antitrust Act (15 U.S. Code §§ 12-27). These laws provide a basis for federal jurisdiction and underscore the importance of adjudicating this matter in a Federal Court.  In light of these substantive facts and legal principles, it is evident that the Court has both diversity and personal jurisdiction over the Defendant and its CEO, Mr. Ballotti. Overlooking these jurisdictional issues would not only deprive the Plaintiffs of their right to seek redress in a proper forum but also undermine the integrity of the judicial process. We respectfully urge the Court to consider these arguments and uphold the Plaintiffs' right to pursue justice in this matter.  Please be advised we as Plaintiffs think we have a valid justification to assert what is fair and real concerns before your court.  We as Plaintiffs think the court of SDNY can assert personal jurisdiction over any individual or entity in New Jersey using the Long-Arm Statute under these circumstances. The Long-Arm Statute allows a court to exercise jurisdiction over out-of-state Defendants based on their contacts or activities within the jurisdiction & there are activities of relevance noted.  But maybe he will state he does not know the hotel makes money for their company and that the timeshare is operating in their space under Wyndham. Criteria typically include conducting business within the state, committing tortious acts within the state, or entering into contracts that have effects within the NY State & others.  So therefore, I ask the court to seek the Defendant's actions to meet the requirements outlined in the long-arm statute, the Federal court could assert personal jurisdiction over them, allowing the case to proceed in that jurisdiction.  The Defendant companies play a shell game of offices better than anyone.  And as cited, if "he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," He makes significant revenue as the CEO, he runs a major company, and he cashes in on stocks from NYC.  That time share scam cheats elderly and innocent hardworking Americans and there is nothing funny about that, it harms ethics, deliberate deceitful activities of shown coordinated intent.

## II.  Argument:

**A.  Unconscionability Under FAA:** While the FAA generally favors arbitration, the arbitration clause in question is substantively and procedurally unconscionable. It is buried within dense contractual language, presented on a take-it-or-leave-it basis, and effectively coerces consumers into waiving their rights to pursue legal remedies.  And any lawyer who allows a public audience such as consumers and Plaintiffs to knowingly get deceived is unfairly barking up the ABA ethics tree and disallowing redress.  And the fact of this point is what the Defendants are hoping we stay numb to the facts, well its 2024 and we will stand firmly in the eyes of Lady Liberty.

  i.  **Argument:**

   1.  **Unconscionability Under FAA:** While the FAA generally favors arbitration, the arbitration clause in question is substantively and procedurally unconscionable. It is buried within dense contractual language, presented on a take-it-or-leave-it basis, and effectively coerces consumers into waiving their rights to pursue legal remedies.

   2.  **Violation of Public Policy:** Enforcing the arbitration clause would run counter to established public policy principles aimed at safeguarding consumer rights and ensuring access to justice. The clause, which restricts consumers' ability to seek redress through courts and class action lawsuits, undermines the very fabric of our legal system.

  ii.  **Federal Law Preemption:** While the FAA preempts state laws that single out arbitration clauses for disfavor, it does not shield arbitration agreements from challenges grounded in other legal doctrines. The Supreme Court has consistently held that arbitration agreements must be placed on equal footing with other contracts and cannot serve as a vehicle for depriving individuals of substantive rights.

 iii.  **Consumer Protection Laws:** Numerous federal and state consumer protection laws exist to shield consumers from unfair and deceptive practices, including those prevalent in the timeshare industry. Enforcing the arbitration clause would effectively nullify the protections afforded by these laws and leave consumers vulnerable to exploitation.

  iv.  **Case Law Precedent:** Decisions such as is prime examples of AT&T Mobility and Epic Systems underscore the importance of maintaining a delicate balance between arbitration and judicial proceedings, emphasizing the need to preserve access to courts and protect individuals' substantive rights. The arbitration clause at issue here clearly tilts this balance in favor of the Defendant, to the detriment of consumers.

**B.  Violation of Public Policy:** Enforcing the arbitration clause would run counter to established public policy principles aimed at safeguarding consumer rights and ensuring access to justice. The clause, which restricts consumers' ability to seek redress through courts and class action lawsuits, undermines the very fabric of our legal system.

**C.  Federal Law Preemption:** While the FAA preempts state laws that single out arbitration clauses for disfavor, it does not shield arbitration agreements from challenges grounded in other legal doctrines.

The Supreme Court has consistently held that arbitration agreements must be placed on equal footing with other contracts and cannot serve as a vehicle for depriving individuals of substantive rights.

**D. Consumer Protection Laws:** Numerous federal and state consumer protection laws exist to shield consumers from unfair and deceptive practices, including those prevalent in the timeshare industry. Enforcing the arbitration clause would effectively nullify the protections afforded by these laws and leave consumers vulnerable to exploitation.

**III. Case Law Precedent:** Decisions such as AT&T Mobility and Epic Systems underscore the importance of maintaining a delicate balance between arbitration and judicial proceedings, emphasizing the need to preserve access to courts and protect individuals' substantive rights. The arbitration clause at issue here clearly tilts this balance in favor of the Defendant, to the detriment of consumers. See below notes I reflect on from our Plaintiffs views as referenced upon case law.

**A.** Specifically, Section 2 of the FAA (9 U.S.C. § 2) provides that arbitration except upon grounds that exist at law or in equity for the revocation of any contract as this effort meets the specifics of illegal unconscionability, public policy violations, or fundamental fairness; especially when citizens are being taken advantage of by a form of Ponzi scheme and fraud. This section emphasizes the federal policy favoring arbitration but also acknowledges that arbitration agreements must adhere to basic principles of contract law and cannot contravene public policy. Therefore, if the Plaintiffs can demonstrate that the arbitration clause embedded within the timeshare contracts is unconscionable, violates public policy, or otherwise deprives them of substantive rights and protections, they may have a strong legal basis for challenging its validity and unenforceability under the FAA. This argument aligns with established case law and Supreme Court opinions that emphasize the importance of preserving access to courts and protecting individuals' rights in contractual agreements.

**B.** Your Honor - The arbitration clause embedded within timeshare contracts you referenced, issued by the Defendant Wyndham Corporation is patently invalid and unenforceable under established legal principles, federal statutes, and state consumer protection laws. This clause, which effectively deprives consumers of their fundamental legal rights and protections, stands in stark violation of public policy, contravenes established case law, and undermines the very essence of justice and fairness in contractual agreements. The Federal Arbitration Act (FAA) is a key federal statute that governs arbitration agreements in contracts involving interstate commerce. The FAA establishes a strong federal policy favoring arbitration as a means of resolving disputes, but it does not preempt challenges to arbitration agreements based on certain legal grounds. Specifically, the FAA is codified in Title 9 of the United States Code (USC), with relevant sections including:

i. **9 U.S.C. §§ 1-16:** These sections outline the general provisions of the FAA, including its applicability and scope.

ii. **9 U.S.C. § 2:** While the FAA generally preempts state laws that disfavor arbitration, it does not preempt challenges to arbitration agreements on other legal grounds, such as violations of public policy or fundamental fairness. We as Plaintiffs challenge this ruling as not legally fair.

C.  My view, as a Plaintiffs summary on this topic, while the FAA establishes a strong federal policy favoring arbitration, challenges to arbitration agreements may still be pursued based on other legal grounds, including violations of public policy or fundamental fairness, as supported by relevant federal statutes and case law.  In addition to the FAA, various state consumer protection laws may also come into play when in particular the NY State should and could also be vital to assessing the validity and enforceability of arbitration clauses in timeshare contracts. These state laws are typically codified within the respective state's statutes and may vary in their specific provisions and requirements.  However, this is a federal issue of right, venue, and justification based on our analysis are merited very kindly, to our Plaintiffs position & views.

D.  **Case Law Reference:** Noted in my reference from US Codes to Sections, as noted in 1. i. through iv., above and below.

    i.  Furthermore, in AT&T Mobility LLC v. Concepcion (2011), the U.S. Supreme Court held that state laws invalidating arbitration clauses on the grounds of unconscionability were preempted by the Federal Arbitration Act (FAA), emphasizing the strong federal policy favoring arbitration. However, the Court's ruling did not foreclose challenges to arbitration agreements on other bases, such as violations of public policy or fundamental fairness. Your Honor, again these laws exist for a reason to bring a basis of case relevancy to the very germane topics and points we argue.  Additionally, in Epic Systems Corp. v. Lewis (2018), the Supreme Court reaffirmed the enforceability of arbitration agreements in the employment context but underscored the importance of preserving access to courts and protecting employees' rights under federal labor laws.

    ii.  **Contract Law Principles:** Arbitration agreements, like any other contracts, must adhere to basic principles of contract law to be considered valid and enforceable.  This includes requirements such as mutual assent, consideration, and legality of purpose.  If an arbitration agreement is found to violate these principles or contravene public policy, it may be deemed invalid or unenforceable.  The courts can see our legal arguments for our basis of the arguments.

    iii.  **Public Policy Considerations:** Courts are tasked with upholding public policy considerations, which may include safeguarding individuals' rights, ensuring access to justice, and preventing unfair or unconscionable contract terms.  If an arbitration agreement is found to run counter to these public policy objectives, courts may refuse to enforce it or may allow challenges to its validity on public policy grounds.

    iv.  **Judicial Discretion:** Ultimately, the interpretation and application of arbitration agreements involve judicial discretion, with courts considering various factors, including the specific language of the agreement, the circumstances surrounding its formation, and the equities of the case. Courts retain the authority to review arbitration agreements & may decline to enforce them if they determine that doing so would be contrary to principles of fairness and justice.

IV.  **Disregard for Established Legal Principles:** Your Honor - We believe there have been some glaring major oversights.  We established jurisdiction clearly.  The court's failure to apply established legal principles, including relevant precedent set forth by the US Supreme Court, is deeply concerning.  Ignoring the principles outlined in the opinion regarding rescission and timeshare matters undermines the consistency and predictability of the legal system. Upholding these principles is essential for ensuring fairness and justice in legal proceedings. We respect the court and ask you kindly see some relevant & pertinent points, to our position, as Plaintiffs as I will go into great and empower the Defendant to see our views yet clear details and yet share value to the court in hopes of a favorable appeal to our case of justification.

   A.  **Constitutional Rights and Civil Liberties:** As Plaintiffs, our constitutional right to a fair trial and the opportunity to be heard must be respected. The court's failure to uphold these fundamental rights, particularly with regard to the request for a jury trial and the infringement upon First Amendment rights, raises serious concerns about the fairness of the legal process. Protecting these constitutional principles is essential for upholding the rule of law and ensuring equal justice under the law.

   B.  **Allegations of Criminal Activity:** The serious allegations of criminal activity brought before the court by us as Plaintiffs cannot be ignored.  Financial fraud and illegal transactions warrant thorough investigation and consideration to ensure that justice is served.  We ask the court to kindly be willing to address these allegations that are essential for holding the Defendants accountable and preventing further harm to innocent individuals.

   C.  **Service of Defendants and Jurisdictional Issues:** The court's failure to carefully consider evidence regarding the service of Defendants and jurisdictional issues is a significant oversight. Compliance with legal requirements for service and jurisdiction is essential for ensuring the court's authority to hear and decide the case. Ignoring these issues undermines the integrity of the legal process and could result in a miscarriage of justice.  We have served every Defendant, and our records of the court show that we did that factually.  Pls see the service records submitted to SDNY.

   D.  **Legal Basis and USC Codes:** Our appeal is grounded in the legal principles outlined in the Federal Rules of Civil Procedure and relevant sections of the United States Code. These statutes provide the legal framework for our appeal and justify our request for a fair and impartial reconsideration of the case. Upholding these legal principles is essential for ensuring the integrity and fairness of the legal process.

   E.  **Supreme Court Opinion and Precedent:** The court's failure to uphold the opinion of Justice Antonin Scalia and the precedent set by the US Supreme Court in similar cases is unfair & hard to understand but respectfully concerning.  Ignoring established legal principles and precedent undermines the authority of the Supreme Court and raises questions about the consistency and predictability of the legal system. Upholding Supreme Court opinion and precedent is essential for ensuring uniformity and fairness in legal proceedings. Otherwise, case law precedent would be set in, and a new standard of adhering to evidence and fairness of the law and the judicial legal systems would be compromised against its very lawful intent of Plaintiffs justice.

**F. Class Action Lawsuit and Additional Defendants:** Approval of a class action lawsuit and inclusion of additional Defendants, particularly the executive CEO of Windham, is warranted given the widespread harm and financial losses suffered by individuals affected by the Defendants' actions. A comprehensive financial audit of the Defendants is necessary to uncover any financial irregularities or fraudulent activities. Holding all responsible parties accountable is essential for achieving justice & preventing further harm to innocent individuals.

**G. Request for a Fair and Impartial Trial:** At the very minimum, the Plaintiffs deserve their day in court before a trial and a jury as requested, in accordance with the laws and constitutional principles. Upholding our Plaintiffs' right to a fair and impartial trial is essential for ensuring equal justice under the law and upholding the integrity of the legal process. But also, we ask that our full views are simply heard with in-depth reconsideration of all facts.

**V. Legal Basis and USC Codes:** Our appeal is grounded in the foundational principles enshrined within the Federal Rules of Civil Procedure and supported by relevant sections of the United States Code (USC). Specifically, we cite the following: When a court ignores federal and US constitutional rights, it is a violation of several federal statutes and constitutional provisions. Here are some relevant USC codes and statutes that could be implicated:

**A.** Title 28 - Judiciary and Judicial Procedure:

    i. USC § 453 - Oaths of Justices and Judges: This section outlines the oath that federal judges must take to uphold the Constitution and laws of the United States.

    ii. USC § 1331 - Federal Question Jurisdiction: Provides federal courts with jurisdiction over cases arising under the Constitution, laws, or treaties of the United States.

**B.** Title 18 - Crimes and Criminal Procedure:

    i. USC § 242 - Deprivation of Rights Under Color of Law: Prohibits any person acting under color of law from willfully depriving a person of any rights, privileges, or immunities secured or protected by the Constitution.

    ii. USC § 241 - Conspiracy Against Rights: Makes it a federal crime for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured by the Constitution.

**C.** Title 42 - Public Health and Welfare:

    i. USC § 1983 - Civil Action for Deprivation of Rights: Allows individuals to sue state officials and local governments for violations of their federal constitutional rights under color of state law.

    ii. USC § 1985 - Conspiracy to Interfere with Civil Rights: Prohibits conspiracies to prevent any person from holding office, or obstructing justice, or intimidating party, witness, or juror in federal courts.

**D.** Constitutional Provisions:

    i. The First Amendment: Guarantees freedom of speech, freedom of the press, and the right to petition the government for redressing grievances.

ii.   The Fourteenth Amendment: Guarantees equal protection under the law and prohibits states from depriving any person of life, liberty, or property without due process of law.

- If a court ignores these federal statutes and constitutional provisions, it could result in a violation of individuals' rights and warrant legal action to remedy the violation and uphold the rule of law.  Your honor we ask that the court take the time to understand and see the merits of the data.

We have been constantly denied rights based on hard evidence and our interests are relevant.

iii.   USC § 453, which mandates that federal judges take an oath to uphold the Constitution and laws of the United States.

iv.   USC § 1331 provides federal courts with jurisdiction over cases arising under the Constitution and federal laws; & furthermore, violations of constitutional rights would trigger provisions such as USC § 242, which prohibits the deprivation of rights under color of law, and USC § 241, which addresses conspiracies against rights.

- Ref title 42 above; to public welfare and concerns of alleged

## VI.  Justification to the Court:

Your Honor, the points raised in our major groundbreaking decision supports the Appeal to the Courts are not mere vague discussions, we have been deprived and defrauded of monies, life's liberties, and our voices; they are fundamental to the principles of justice and the rule of law.  The Defendant has had major cases where there are major conflicts in their operations, how they conduct the alleged issues; but consumers are burdened, ignored, and lost with the fight to defend their major financial losses since there are credible losses.  Because the Defendant has broken or ignored the consumers rights and have gone through great lengths to hide, change hands or purposefully harm the consumers to the Defendants illegal gains; by not allowing consumers to address their fair rights of justice to speak up for harm done via illegal contract laws.  And more importantly extort Plaintiffs & Consumers; the judge and the jury are required to be presented with fair evidence that we seek is relevant.  And yet competent & knowledgeable evidence exists; in our view as to why we cannot have our day in court.  So, Your Honor, we plead by asking to not be ignored of our federal and constitutional rights, the court risks undermining the very foundation of our legal system.  The violations alleged strike at the heart of our democracy and cannot be overlooked or dismissed lightly.  The USC codes and statutes cited in our appeal are not arbitrary references, but essential legal safeguards designed to protect the rights of individuals and uphold the principles of fairness and equality before the law.  When these rights are infringed upon or disregarded, it is incumbent upon the court to rectify the situation and ensure that justice is served.  Here is just a list of our puzzling concerns to shape our Consumer Rights that have biases against the us as Plaintiffs, all against the Defendants:  The Defendant have acted in the  followed in the alleged unjustified and relentless yet a true persistent manner; in which gravely harming the Plaintiffs.

A.   **Change in Ownership**: Changes in timeshare ownership, such as mergers or acquisitions, disrupt services or affect existing contracts.

B.   **Complex Legal Language**: Timeshare contracts do contain a wide web of complex legal language or terms that consumers do not fully understand, not told, and not informed by legal documents required by artifacts.

**C. Declining Property Values**: Timeshare properties depreciate over time, resulting in diminished resale value for owners.

**D. Difficulty Canceling Contracts**: Canceling a timeshare contract can be challenging and require legal assistance, especially if the rescission period has passed; and in this case the US Supreme Courts should make clear note of the variable opinion noted, Justice Scalia.

**E. Difficulty Finding Renters**: Owners & Plaintiffs have been through so much to fight for their rights and have also significantly struggled to find renters for their timeshare units, resulting in financial losses. And in most cases the Plaintiffs are not interested in paying for a program that the voices and illegal activity is surrounded by the Defendants and how they shield paperwork and have a scheme to hide profitability and paperwork from consumers; yet by hurting the Plaintiffs right to legal choices and legal rights of time share fraud & harassment.

**F. Difficulty Reselling**: Consumers does find it challenging & not available to resell their timeshare interests, leading to financial losses, because documents do not exist & are not presented to the consumers in which it has come across a number of 5 major areas as the entire list presents a large complete picture of compelling arguments.

**E. False Sales Promises**: Consumers have been promised benefits & amenities that are not delivered as advertised.

**F. Hidden Fees**: Timeshare contracts often include hidden fees, such as maintenance fees or special assessments, which can significantly increase the overall cost of ownership.

**G. High-Interest Financing**: Financing options offered by timeshare companies are defrauding the consumer with its fake and false timeshare bills, which are never told about and extensive charges against the Plaintiffs that were wrongly acquired; and further more come with high-interest rates, increasing the overall cost of ownership that what was not presented and represented but also observed by witnesses. The contracts timeshare reflect harm to Consumer's and Plaintiffs.

**H. Inadequate Disclosure Not provided or Acknowledge**: Consumers will not and will not be allowed to get or receive, & not receive full and complete or accurate information about the risks and obligations associated with timeshare ownership.  No full consumer sales transparency.

**I. Lack of Exit Options**: Consumers have felt trapped in their timeshare contracts with limited or no options for exit or relief from financial obligations.

**J. Lack of Transparency**: Consumers do not receive adequate information about the terms and conditions of their timeshare contracts, leading to misunderstandings or disputes.

**K. Legal Disputes**: Timeshare ownership can lead to legal disputes over contract terms, maintenance fees, or ownership rights.

**L. Limited Availability**: Despite promises of flexibility, all consumers have encountered difficulty booking desired dates or accommodations due to limited availability.

**M. Limited Exchange Options**: Exchange programs do have restrictions or blackout dates, limiting consumers' ability to use their timeshare interests at other locations & not told to consumers & misrepresentation of sales facts.

**N. Limited Flexibility**: Changes to timeshare reservations or ownership arrangements have been a mess with the foreign handling of paperwork since it misleading and the sales contract; that are all and have been subject to restrictive policies or fees.

**O. Maintenance Issues**: Timeshare properties absolutely experience maintenance issues or neglect, impacting the overall enjoyment and value of the investment.

**P. Misleading Sales Tactics**: Timeshare sales representatives have always used high-pressure or deceptive tactics to persuade consumers to purchase a timeshare.

**Q. Non-Transferable Contracts**: Timeshare contracts are non-transferable, making it difficult for owners to pass on or sell their interests to family members or heirs & in this case, we are essentially extorted to use a product that has contract fraud in its basis of its essence of documented paperwork and a lack of true contract issues.

**R. Overcrowded Properties**: Timeshare resorts are and have become overcrowded during peak seasons, reducing the quality of the vacation experience for owners and guests.  And the Defendant has been unfairly directing consumers to properties of their choosing, not what the consumer's desire to use without proper choices.  Simply taken choices away from the consumers as a Plaintiff's and the accusers rights.

**S. Regulatory Compliance Issues**: Timeshare companies face regulatory compliance issues related to consumer protection laws, advertising standards, or financial regulations.  The Defendant knows they are misleading consumers and the business leaders of the company also speak on this issue and evidence speaks to this fact.

**T. Timeshare Exit Scams**: Consumers seeking to exit their timeshare contracts have fully fallen victim to fraudulent schemes promising relief but delivering little or no results by the Defendants; and again, hurting the Plaintiffs.

**U. Unfulfilled Promises**: Consumers & Plaintiffs did not  receive the full amenities, services, or upgrades promised at the time of purchase.  These are schemes and foundational concerns of the intent of the merits of negligence is clear.

**V. Unpredictable Maintenance Costs**: Maintenance fees can increase unexpectedly, placing a financial burden on timeshare owners.

**W. Unresponsive Management**: The Defendant Timeshare Management as a company have been such as the Defendant have been unresponsive to owner concerns or complaints, leading to frustration and dissatisfaction; and clear fraud has been exhibited by the Defendant and this is a breach of contract again in its raw form.

## Grounds for Reconsideration:

- **Case Overview:**
  - I. The case at hand involves Plaintiffs Deidre Saleh and Sandra Cullum, who are representing ourselves in our class-action lawsuit against Defendants Wyndham Hotels Corporation and Resorts, et al.  The Plaintiffs allege that they have suffered significant financial losses amounting to $164,000 due to the Defendants' fraudulent timeshare

schemes. These losses stem from mismanagement and inaccurate accounting of timeshare sales tactics and financial transactions, which have resulted in substantial harm to the Plaintiffs and other victims.

II.    We the Plaintiffs have provided evidence of coercive sales practices, including high-pressure sales pitches and false promises, used by the Defendants to induce them into purchasing timeshares. Additionally, they allege that the Defendants misrepresented the terms and conditions of the timeshare agreements and failed to provide adequate disclosures about potential risks and liabilities.  And no rescission documents to rescind were never provided; so, we decided to file a suit against the Defendants so we can have it on record before it's gone through the court.  The common theory today that consumers must have all the tools is not true the laws also protect innocent victims.

III.    The argument in an example of a case law opinion noted, Jesinoski v. Countrywide Home Loans provided as clear a signal of the Court's disposition as you can imagine.  USSC Justice Stephen Breyer suggested to Countrywide's counsel that he would have to be "a Houdini" to escape what Justice Breyer saw as the clear implications of the relevant statute.  Two months later, Justice Antonin Scalia's terse opinion let us know that Countrywide's counsel is not a Houdini: a unanimous Court agreed today that the statute means what it says. The brevity is remarkable. The innocent people should not be cheated; thus, not to allow companies to make revenue proceeds stick to harm & steal funds, monetary, and life savings from borrowers as consumers, poor elderly citizens; and or anyone after describing the facts & the key proceedings below.

- The <u>case involves the right to rescind mortgage transactions in the Truth in Lending Act (commonly known as TILA).</u>  Today this is a mere image of what we have gone through to some large degree.  The Defendant knows exactly what they are doing it is a shame and in my eyes a fraud of what we were told.  It's so bad they want us to pay a lifetime for the double dealings they expect from us but set all of the terms of their alleged greed and theft.  Well, it's truly sad white-collar criminals seeks this way to harm Americans, and at the same time we never get a mortgage of deed or title but a set of misleading mortgage transactions that's so vague, unorganized & a true scheme seen as a Ponzi point system that hide the real facts and steal money for something we never really own. And left out the key documents we are entitled to get to rescind as per the rescission laws and USSC has stated.  Let me be clear about the readings.  The USSC statute allows a borrower to rescind any residential mortgage transaction until three days after the lender provides the disclosures that TILA requires. Thus, if the lender provides

the disclosures at the closing (as it should; but didn't), the right to rescind is gone three days later. And they didn't do so, then the timeline extends to the later action.  But if the lender doesn't provide the disclosures, which they didn't.  We as Plaintiffs as the borrower *claim* have a legal right to truthfully represent our position that the lender didn't & doesn't provide the disclosures to consumer's. Then the rescission period will continue for three years after consummation of the transaction. At that point, the right to rescind definitively ends.  The question before the Court was what steps the borrower has to take to rescind within the three years. The lender argued that the borrower hasn't rescinded unless it actually initiates litigation. We ensured the documents are on record and filed because the Defendant didn't accept our paperwork.  Not so, the Court held today. The statute explains, in terms the Court regarded as "unequivocal," how the right to rescind is to be exercised: It provides that a borrower 'shall have the right to rescind, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.  Because that language leaves no doubt that rescission is affected by the borrower's notice, the borrower also does not need to sue within the three years.  But we had to stand up for principle.  The rest of the opinion swept aside all of the lender's arguments as pointless in the face of the language. Certainly, a well-presented argument, but not enough. The Court responded: on Jan 2015, with an Opinion Docket 13-684.  Holding: A borrower exercising his right to rescind under the Truth in Lending Act need only provide written notice to his lender within the three-year period they were notified in writing three times through court documents and another letter to them with complaints; through Ms. Gale, the Defendants hide Ms. Elisabeth Gale (and not responding to the summons, signed by the court).  So, this is how we got here from the Defendants and the people hiding information from speaking up on this matter; the statute does not require us as Plaintiffs, to file a suit within that period.  But we had to protect our ethics and trust our constitutional values.  Judgment: Reversed and remanded, 9-0, in an opinion by Justice Scalia on January 13, 2015, ref. to Rescission. Which also applies to us as Plaintiffs; maybe if the company provided a letter to rescind and not hidden info on the disclosures from consumers we wouldn't be here before the courts, but we are and Thank God we have to speak up individually and for the class of impacted person also.  And this is why we are suing the Defendants.  So, Your honor Ms., Gale is a concern, the paperwork was delivered to the courts to the Orlando Sheriffs - Police department and the sheriffs

served the paperwork to the office legal reps, and they signed for it. And they wouldn't allow the officer to see her since we knew she would be at work for them at the location. And they accepted on her behalf as a company rep, under their employee.  And we also attempted service by a service deliver and they wouldn't let us up or speak to her also.  The downside of all of this is we are the ones Plaintiffs who are getting robbed and being cheated via fraud as consumers, this isn't right in any fair legal world, & in fact we did not receive the requisite disclosures & it was scheme to cheat consumers.  Companies commit massive, alleged fraud on consumers, with no care, or regard to doing what's right and legally required profits before integrity and ethics of the law.

IV.    Truth in Lending Act (TILA):

- ▪ Relevant U.S.C. Title: Title 15, Commerce and Trade
- ▪ Statutory Provision: Section 1601 et seq. of Title 15, which includes provisions related to consumer credit transactions and the right of rescission.

V.    Consumer Financial Protection Act (CFPA):

- ▪ Relevant U.S.C. Title: Title 12, Banks, and Banking
- ▪ Statutory Provision: Section 5481 et seq. of Title 12, which establishes the Consumer Financial Protection Bureau (CFPB) & grants it authority to enforce federal consumer financial laws, including those related to rescission rights, by law.

VI.    Federal Trade Commission Act (FTC Act):

- ▪ Relevant U.S.C. Title: Title 15, Commerce and Trade
- ▪ Statutory Provision: Section 41 et seq. of Title 15, which prohibits unfair or deceptive acts or practices affecting commerce, including deceptive lending practices or failure to honor rescission rights.

VII.    Relevant provisions of the United States Code: We should be forced to go to Arbitration we ask the court to reconsider this action.

- ▪ Depending on the specific circumstances of the case, other federal statutes may come into play. For example:
  - • Contract Law: Title 28, Judiciary and Judicial Procedure, or Title 9, Arbitration.
  - • Consumer Protection: Title 15, Commerce and Trade.
  - • Banking and Finance: Title 12, Banks, and Banking.

VIII.    Regarding precedent opinion laws, these are established through the rulings and interpretations of the U.S. Supreme Court and other appellate courts. The specific cases

and opinions that establish precedent related to rescission rights may vary, but they would typically be found in published court decisions and legal databases.

IX.    In presenting a compelling argument, it's crucial to cite the relevant statutory provisions accurately and to reference any pertinent case law that interprets and applies those statutes. This demonstrates a thorough understanding of the legal framework and strengthens the argument for adhering to the law as established by both statutes and judicial precedent.

X.    Despite invoking their right to rescind the timeshare agreements based on fraudulent inducement and misrepresentation, we as Plaintiffs claim that the Defendants have failed to acknowledge or honor their rescission requests; and our initial court documents reflects we tried to rescind and they ignored our cancellation letter & failed to support our complaints, & the grievances.  Furthermore, the Defendants have ignored a settlement offer letter sent by the Plaintiffs through the court, demonstrating a lack of good faith and willingness to resolve the matter amicably.

XI.    The Defendants have also failed to respond to legal service summonses issued by the court, indicating a lack of cooperation with legal proceedings.  Additionally, they have withheld information regarding illicit activities and questionable practices occurring at their hotels and within their brand, further undermining transparency and integrity.

XII.    The jurisdiction of the Southern District of New York (SDNY) over the case has been established, particularly with regard to the New Yorker Hotel where the Defendants operate. The Plaintiffs argue that the long-arm statute allows the court to assert jurisdiction over out-of-state Defendants engaged in activities within the jurisdiction that give rise to the legal claim.

Overall, the Plaintiffs allege that the Defendants' actions constitute financial fraud, illegal transactions, and victimization of elderly citizens, in which a Class Action Suit has been submitted but was initially as of last week denied by the judge's order, so a reconsideration & an appeal of the actions are fully warranted.  Who were specifically targeted in their fraudulent timeshare schemes. The Plaintiffs seek redress for their financial losses, accountability for the Defendants' alleged misconduct, and protection of their rights under the law.

- **Case Name:** Timeshare Fraud & Class Action Lawsuit

- **Case Number:** 22-CV-09700

- **Jurisdiction:** United States District Court, Southern District of New York

- **Plaintiff's:** Deidre Saleh & Sandra Cullum (Pro Se Litigants)

- **Defendant's:** Wyndham Hotels Corporation & Resorts et al. (and other entities involved)
    I.   Mr. Geoffrey A. Ballotti, President & Chief Exec. Officer (CEO) Wyndham Hotels & Resorts, Corp., D.B.A. Wyndham Corporate Office & Headquarters aka Wyndham Corp. & the
    II.  Wyndham Destinations Hotels (WH) & Resorts, Inc., Ms. Elisabeth Gale, dba Wyndham Corp.
    III. Wyndham Hotels & Resorts Corporation & Wyndham Destinations, Inc.: aka Travel & Leisure Co.
    IV.  Broadridge Corporate Issuer Solutions, Office & Headquarters

**Failure to Consider Comprehensive Evidence:**

The court's ruling failed to fully consider and address critical pieces of evidence presented by the Plaintiff's. This evidence includes messages, & a recording which was compiled and submitted in support of our case.

1. **Financial Losses and Mismanagement:**
   - Plaintiff's documented financial losses amounting to $164,000 as a result of the Defendant's' alleged fraudulent timeshare schemes.
   - Evidence of mismanagement and inaccurate accounting of timeshare sales tactics and financial transactions, leading to substantial financial harm to Plaintiff's and other victims such as to the tens of thousands of countless elderly victims easily defrauded.
   - As Plaintiffs we contend the Class Action Suit is still valid and we have a right to damages for the proposed illegal concerns and alleged acts committed.

2. **Recordings and Voice Messages: Transcribed.**
   - Recorded conversations and voice messages between Plaintiff's (left on voice msg) and the Defendant's representatives, documenting instances of coercion, misrepresentation, and fraudulent sales tactics to so many others are there, noted and confirmed, by a witness.

3. **Contract Issues and Right to Rescission:**
   - Copies of contracts and agreements between Plaintiff's and Defendant's, highlighting clauses related to the right to rescission and termination of the timeshare agreements.
   - Documentation demonstrating Defendant's' failure to provide Plaintiff's with proper rescission documents or acknowledge their right to rescind the contracts.

4. **Failure to Respond to Summonses and Offer Letters:**
   - Court records and documentation indicate Defendant's' failure to respond to legal service summonses issued by the court, demonstrating a lack of cooperation with legal proceedings.
   - Copies of offer letters sent by Plaintiff's through the court to Defendant's, along with evidence of Defendant's' failure to respond or engage in good faith negotiations.
     a) Completely overlooked and the act the Orlando Police Office was not allowed to serve Ms. Gale but a Poc of the business and not allowed to enter into the property, offices, but rather a representative signed for the Summons.

5. **Withholding of Compelling Information:**

- Evidence showing Defendant's' withholding of information regarding illicit activities and questionable practices occurring at their hotels and within their brand.
- Failure to disclose relevant data in SEC 10-K reports, indicating a lack of transparency and potential financial impropriety.

6. **Jurisdictional Justification in SDNY:**
   - Documentation establishing the jurisdiction of the Southern District of New York (SDNY) over the case, particularly with regard to the New Yorker Hotel where the Defendant's operate.
   - Defendants are subject to the long-arm statute, which allows courts to assert jurisdiction over out-of-state Defendant's engaged in activities within the jurisdiction that give rise to the legal claim.  We clearly know the law and think this is applicable subject to the court's ruling and provide as such in previous docket responses.

7. **Coercive Sales Practices and Unauthorized Account Openings:**
   - Testimony and affidavits from Plaintiff's and other victims detailing coercive sales practices employed by Defendant's, including the opening of unauthorized credit card accounts without Plaintiff's' consent.
   - Evidence of Plaintiff's' attempts to rescind contracts and terminate agreements, which were allegedly ignored or circumvented by Defendant's in furtherance of their fraudulent schemes.

8. **Victimization of Elderly Citizens:**
   - Allegations and evidence indicating that Defendant's specifically targeted elderly citizens in their fraudulent timeshare schemes, exploiting their vulnerability and trust for financial gain.
   - Testimonials and documentation from elderly victims detailing their experiences of being deceived and defrauded by Defendant's.

9. **No Rescission Documents Never Provided to any Consumer for Signature:** The consumers, we as Plaintiff's sees this as intentional fraud in timeshare miss management to report & the failed effort to acknowledge the USCOTUS laws & intentional omission of hiding information to uninformed consumers, which violates laws.

This comprehensive list of evidence and allegations forms the basis of the Plaintiff's' case against the Defendant's, highlighting the egregious nature of the alleged misconduct and the significant harm inflicted upon the Plaintiff's and other victims.  However, it appears that the significance and relevance of this evidence may not have been fully recognized or given proper weight in the court's decision. The oversight of such crucial evidence has resulted in an incomplete and potentially flawed ruling that is groundbreaking.


**Summary of Allegations:** We as the Plaintiff's, Deidre Saleh, and Sandra Cullum, have brought a lawsuit against Wyndham Hotels Corporation & Resorts and other entities alleging fraudulent and deceptive practices related to timeshare agreements. The Plaintiff's claim that they, along with thousands of other elderly victims,

were misled and defrauded into purchasing timeshare agreements under false pretenses. They allege that the Defendant's engaged in a systematic scheme to deceive individuals into purchasing timeshares through misrepresentations, coercion, and other fraudulent tactics.

**Key Allegations:  Consolidated Substantive Allegations:**
1. **Financial Losses and Mismanagement:**
   - Plaintiffs documented financial losses amounting to $164,000 as a result of the Defendants' alleged fraudulent timeshare schemes.
   - Evidence of mismanagement and inaccurate accounting of timeshare sales tactics and financial transactions, leading to substantial financial harm to Plaintiffs and other victims.
2. **Recordings and Voice Messages:**
   - Recorded conversations and voice left as voice mail messages between Plaintiffs and Defendants representatives, documenting instances of coercion, misrepresentation, and fraudulent sales tactics.
3. **Contract Issues and Right to Rescission:**
   - Copies of contracts and agreements between Plaintiffs and Defendants, highlighting clauses related to the right to rescission and termination of the timeshare agreements.
   - Documentation demonstrating Defendants' failure to provide Plaintiffs with proper rescission documents or acknowledge their right to rescind the contracts.
4. **Failure to Respond to Summonses and Offer Letters:**
   - Court records and documentation indicate Defendants' failure to respond to legal service summonses issued by the court, demonstrating a lack of cooperation with legal proceedings.
   - Copies of offer letters sent by Plaintiffs through the court to Defendants, along with evidence of Defendants' failure to respond or engage in good faith negotiations.
5. **Withholding of Compelling Information:**
   - Evidence showing Defendants' withholding of information regarding illicit activities and questionable practices occurring at their hotels and within their brand.
   - Failure to disclose relevant data in SEC 10-K reports, indicating a lack of transparency and potential financial impropriety.
     a) Facts: The SEC 10-K report is a crucial document for public companies as it provides a comprehensive overview of their financial performance, operational activities, and potential risks. In the context of this case, the SEC 10-K report is significant for several reasons:
        I. **Transparency and Disclosure**: The SEC 10-K report requires companies to disclose a wide range of information, including financial statements, executive compensation, legal proceedings, and risk factors. This transparency is essential for investors and stakeholders to make informed decisions about the company's financial health and future prospects.
        II. **Legal Proceedings Disclosure**: One section of the SEC 10-K report specifically requires companies to disclose any pending or threatened legal proceedings, including lawsuits. This disclosure ensures that investors are aware of any potential legal risks facing the company, which could impact on its financial stability and reputation.
        III. **Risk Management and Governance**: By disclosing legal proceedings and other risks, companies demonstrate their commitment to effective risk management and corporate governance. Investors rely on this information to assess the company's ability to identify, mitigate, and manage various risks, including legal liabilities.
        IV. **Public Awareness and Accountability**: The SEC 10-K report is a public document accessible to investors, regulators, analysts, and the general public. By reporting legal proceedings and other significant issues, companies are held

accountable for their actions and decisions. Public awareness of these matters promotes transparency and helps maintain market integrity.

In the context of this case, the Plaintiffs allege that the Defendants withheld relevant information from their SEC 10-K reports, including details of illicit activities and questionable practices occurring within their hotels and brand.  This alleged lack of transparency raises concerns about the Defendants' governance, risk management practices, and compliance with legal and regulatory requirements. It also underscores the importance of accurate and comprehensive reporting in safeguarding investors' interests and maintaining public trust in the integrity of financial markets. Existing court case filings reflect the Defendant as a business is aware of these issues and knows that they should have reported it years ago; and the Defendants has known of the ill repute of illegal activity; in the alleged trafficking is so egregious.  As a Pastor & a Plaintiff, this mere fact, is unconscionable that this information was withheld from Consumers and Buyers (elderly citizens or anyone for that matter) of their product was serious illegal and financial relevant and posed grave governance risk, and negligent actions.  Thus, also being duly defrauded compounds major issues. We have a justified lawsuit at hand and ask the court to see this data of the entire totality of the complaint as a profoundly serious illegal & unlawful issue; and this effort also furth warrant a judge to hear and understand these massive issues; justifying the defense of our Plaintiffs led lawsuit.

6. **Jurisdictional Justification in SDNY:**

   - Documentation establishing the jurisdiction of the Southern District of New York (SDNY) over the case, particularly with regard to the New Yorker Hotel where the Defendants operate.
   - Reference to the long-arm statute, which allows courts to assert jurisdiction over out-of-state Defendants engaged in activities within the jurisdiction that give rise to the legal claim.

7. **Coercive Sales Practices and Unauthorized Account Openings:**

   - Testimony and affidavits from Plaintiffs and other victims detailing coercive sales practices employed by Defendants, including the opening of unauthorized credit card accounts without Plaintiffs' consent.
   - Evidence of Plaintiffs' attempts to rescind contracts and terminate agreements, which were allegedly ignored or circumvented by Defendants in furtherance of their fraudulent schemes.

8. **Victimization of Elderly Citizens:**

   - Allegations and evidence indicating that Defendants specifically targeted elderly citizens in their fraudulent timeshare schemes, exploiting their vulnerability and trust for financial gain.
   - Testimonials and documentation from elderly victims detailing their experiences of being deceived and defrauded by Defendants.

**Substantive Detailed Points:**
1. **Misrepresentation of Timeshare Agreements:**

- Plaintiffs allege that Defendants misrepresented the terms and conditions of the timeshare agreements, including costs, benefits, and obligations.

2. **Coercive Sales Tactics:**

- Plaintiffs claim they were subjected to high-pressure sales pitches and false promises to induce them into purchasing timeshares.

3. **Failure to Provide Adequate Disclosures:**

- Plaintiffs assert that Defendants failed to provide adequate disclosures about timeshare agreements, including potential risks and liabilities.

4. **Financial Fraud and Illegal Transactions:**

- Allegations include embezzlement and money laundering to conceal deceptive practices and maximize profits.

5. **Violation of Rescission Rights:**

- Plaintiffs assert their full USCOTUS Ruling Rights to Rescind the credit transaction of the Timeshare agreements based on fraudulent inducement and misrepresentation, which Defendants failed to acknowledge or honor & violating civil procedures of legal ethics and fairness.

6. **Failure to Respond to Settlement Offer:**

- Defendants ignored a settlement offer letter sent by Plaintiffs, demonstrating a lack of good faith.
  1. Plaintiffs urgently also request a letter to be sent to the NY State Bar be sent addressed to such facts for disbarment and ethics violations in federal court & acknowledged.

7. **Non-Response to Service Summons:**

- Defendants failed to respond to service summonses, undermining the integrity of the judicial process and raising compliance concerns.

Our examination & analysis of the Plaintiffs viewpoints to this comprehensive overview encompasses the key substantive allegations and detailed points, providing a strong foundation for the Plaintiffs' case against the Defendants.

**Legal Basis:** The Plaintiff's' claims are based on various legal theories, including but not limited to:

- **Fraudulent Misrepresentation:** Allegations that the Defendant's made false statements or representations with the intent to deceive the Plaintiff's, a lack of disclosures and the Defendants not doing right.  This was intentionally harming us as individuals and Plaintiffs.

- **Violation of Consumer Protection Laws:** Allegations that the Defendant's violated federal and state consumer protection laws by engaging in unfair and deceptive business practices.

- **Breach of Contract:** Allegations that the Defendant's breached the terms and conditions of the timeshare agreements by failing to deliver on promised benefits and services.

- **Negligence:** Allegations that the Defendant's acted negligently by failing to exercise reasonable care in their dealings with the Plaintiff's.

**Current Status:** The case is currently pending before the United States District Court for the Southern District of New York. The Plaintiffs have filed various motions and pleadings, including a motion for reconsideration of a previous ruling, seeking to address concerns and legal issues raised in the litigation. The Defendants have filed responses and objections to the Plaintiff's' motions, and the court is in the process of reviewing the submissions and scheduling further proceedings.

**Additional Substantive Points:**

- **Right to Rescission:** The Plaintiff's assert their right to rescind the timeshare agreements based on fraudulent inducement and misrepresentation. This right is protected under federal and state consumer protection laws and provides a legal remedy for victims of deceptive practices.

- **Defendant's' Failure to Respond to Settlement Offer:** Despite attempts to resolve the matter amicably, the Defendants have failed to respond to a settlement offer letter sent by the Plaintiff's. This demonstrates a lack of good faith & willingness to engage in meaningful dialogue to resolve the dispute.

- **Non-Response to Service Summons:** The Defendant's failure to respond to service summonses, including one addressed to Ms. Elizabeth Gale, raises serious concerns about their compliance with legal obligations and undermines the integrity of the judicial process.

- **Legal Requirements for Response to Service Summons and Settlement Offer:** Federal and state laws require parties to respond to legal service summonses and settlement offers in a timely manner. Failure to do so may result in sanctions or adverse legal consequences, including default judgments.


**Relevant Laws and USC Codes:** The Defendant's' failure to respond to legal service summonses and settlement offers may violate several federal statutes and constitutional provisions, including but not limited to:

- **Title 18 - Crimes and Criminal Procedure:** USC § 242 (Deprivation of Rights Under Color of Law) prohibits any person acting under color of law from willfully depriving a person of any rights, privileges, or immunities secured or protected by the Constitution.

- **Title 42 - Public Health and Welfare:** USC § 1983 (Civil Action for Deprivation of Rights) allows individuals to sue state officials & local governments for violations of their federal constitutional rights under color of state law.


**MAJOR Areas of Substantive Legal Litigation in Our Conclusion:** In light of the compelling evidence and legal arguments presented, the Plaintiff's respectfully request that the court reconsider its previous ruling and afford them the opportunity to present their case fully & or either have a judgment in our favor since several actions have not been addressed. The Defendant's' failure to respond to legal service summonses, settlement offers, and requests for rescission demonstrates a pattern of non-compliance and disregard for legal obligations. It is imperative that the court uphold the integrity of the judicial process and ensure that justice is served. We trust that the court will carefully consider the merits of our motion for reconsideration and take appropriate action to address the grave injustices suffered by the Plaintiff's.

So, allow me to bring this home to the courts and to draw on our attention to some legal arguments, as to an emphasis on the importance of the vital facts: In your ruling you directed us to go to arbitration via the magistrate court for case management: As Plaintiffs we disagree: For the following reasons:

- The breach of arbitration in this case is a clear violation of the Plaintiffs' legal rights and underscores the fundamental injustice they have faced throughout this legal ordeal. Arbitration clauses are intended to provide an

alternative dispute resolution mechanism for parties to resolve their grievances outside of the traditional court system.  <u>However, The Validity and Enforceability of Arbitration Clauses Are Subject To Certain Legal Principles And Requirements, Particularly When They Conflict With Other Substantive Rights And Legal Protections Afforded To Individuals Under Federal Law.</u>

- One such federal law that justifies the Plaintiffs' position in this case is the Federal Arbitration Act (FAA).  While the FAA generally favors the enforcement of arbitration agreements, it also contains provisions that safeguard individuals' rights to pursue legal remedies through the courts in certain circumstances.  <u>For example, Section 2 of the FAA provides that arbitration agreements are valid and enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract."</u>

- In the context of this case, we clearly deemed and harmed Plaintiffs have raised legitimate legal and equitable grounds for challenging the validity and enforceability of the arbitration clause.  <u>Specifically, the Defendants' egregious misconduct, including financial fraud, coercion, misrepresentation, and failure to provide essential documentation related to rescission rights, constitutes compelling grounds for revoking the arbitration agreement. The Defendants' actions have effectively deprived and placed a massive fraud scheme in the form of an illegal figure of speech a mountain of illegal actions to stop the Plaintiffs of their substantive rights and legal protections, rendering the arbitration clause unconscionable and unenforceable under the FAA.</u>

- Furthermore, it is important to consider the public policy implications and the broader interests of justice in this matter.  <u>Allowing The Defendants to Compel Arbitration in The Face of Such Serious Allegations Of Misconduct Would Not Only Undermine The Plaintiffs' Ability To Seek Redress For Their Grievances But Also Perpetuate A Miscarriage Of Justice.</u>

  - <u>**The court legal sworn oath and an obligation duty that has a duty to ensure that individuals are not deprived of their substantive rights and access to legal remedies in the pursuit of fairness and equity.**</u>

As Plaintiff's our conclusion, is foundational very well documented, meets the legal standard of burden of proof, and the breach of arbitration in this case constitutes a flagrant violation of the Plaintiffs' legal rights and underscores the urgent need for judicial intervention. By invoking federal laws such as the FAA & highlighting the Defendants' misconduct and disregard for legal obligations, the Plaintiffs are well within our rights to seek an appeal and challenge the enforceability of the arbitration clause.  The court must uphold the principles of fairness, equality, & justice by rejecting the Defendants' attempts to evade accountability and ensuring that the Plaintiffs are afforded the opportunity to pursue their claims through the appropriate legal channels.

- In addition to the Federal Arbitration Act (FAA), several other federal laws provide justifiable grounds for the Plaintiffs to challenge the Defendants' actions and seek redress in this case. Some of these laws include:

  - Truth in Lending Act (TILA): TILA is a federal law designed to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The Plaintiffs may argue that

the Defendants' failure to provide accurate and complete disclosures about the terms and conditions of the timeshare agreements constitutes a violation of TILA.

- o Fair Debt Collection Practices Act (FDCPA): The FDCPA prohibits debt collectors from using abusive, deceptive, or unfair practices to collect debts from consumers. If the Defendants engaged in coercive or deceptive practices to enforce the timeshare agreements or collect alleged debts, they may be in violation of the FDCPA.

- o Racketeer Influenced and Corrupt Organizations Act (RICO): RICO is a federal law that provides for extended criminal penalties and civil liability for acts performed as part of an ongoing criminal organization. We as Plaintiffs can demonstrate a pattern of fraudulent activity and racketeering behavior by the Defendants, we have grounds to pursue a RICO claim. And Your honor we ask that the court seeks fairness in understanding an argument to the litigation we seek in our response. Facts are Facts.

   - ▪ Consumer Financial Protection Act (CFPA): The CFPA prohibits unfair, deceptive, or abusive acts or practices in connection with consumer financial products or services. As Plaintiffs we argue that the Defendants' fraudulent timeshare schemes and failure to provide proper disclosures constitute violations of the CFPA, we never received or knew the documents exists; because the company pushed the scheme so hard, and we knew something wasn't right.

      - a. So, they conspired with a credit card and a timeshare scheme to get rich and enrich themselves.

   - ▪ Civil Rights Act of 1964: Plaintiffs can establish that they were discriminated against on the basis of race, color, religion, sex, or national origin in the provision of goods or services, we have a claim under Title II of the Civil Rights Act of 1964.

   - ▪ Securities Exchange Act of 1934: Defendants failed to disclose material information about their financial condition, business operations, or legal proceedings in their SEC filings, and they are and would be clearly in violation of the reporting requirements under the Securities Exchange Act of 1934.

These federal laws, among others, provide a legal framework for addressing various aspects of the Plaintiffs' claims and challenging the Defendants' actions in court. By invoking these laws and demonstrating how the Defendants' conduct violates their substantive rights and legal protections, the Plaintiffs can strengthen our voice to the you Your Honor, our position and seek appropriate remedies for the harm they have suffered; we have done our due diligence and asked the questions and presented our value to our concerns. Yet other outstanding issues exist, below.

- • Disregard for Established Legal Principles:
   - o There are concerns that the court's ruling may have disregarded established legal principles, including relevant precedent set forth by the US Supreme Court. Ignoring these principles not only undermines the consistency and fairness of the legal process but also sets a dangerous precedent for future cases.

Upholding established legal principles is essential for ensuring the integrity and predictability of our legal system.

- Constitutional Rights and Civil Liberties:
    - The Plaintiff's' constitutional right to a fair trial and due process are fundamental principles that must be upheld in every legal proceeding. However, there are indications that these rights may not have been fully respected in the court's ruling. The failure to afford the Plaintiff's their constitutionally guaranteed rights raise serious concerns about the fairness and impartiality of the legal process in this case.

- Allegations of Criminal Activity:
    - The serious allegations of criminal activity brought before the court deserve thorough investigation and consideration. However, it appears that these allegations may not have been adequately addressed in the ruling. The failure to thoroughly investigate and address allegations of criminal activity could have far-reaching implications for the outcome of the case and the administration of justice.

- Service of Defendant's and Jurisdictional Issues:
    - There are lingering concerns regarding the service of Defendant's and jurisdictional matters that remain unresolved. It is essential to ensure that all legal requirements for service and jurisdiction are properly addressed to maintain the integrity and legitimacy of the legal process. Failure to address these issues could undermine the court's authority to hear and decide the case.

- Legal Basis and USC Codes:
    - Our motion for reconsideration is firmly grounded in the legal principles enshrined within the Federal Rules of Civil Procedure, particularly Rule 59(e) for Altering or Amending a judgment. Additionally, relevant sections of the United States Code, including USC § [relevant section], provide the legal foundation for our request for reconsideration.

As a summation in the conclusion, we as Plaintiffs respectfully urge the court to carefully reconsider its ruling of this case ref. to the 22cv09700. The issues raised in this Motion for Reconsideration are not merely procedural technicalities but fundamental concerns that strike at the heart of our legal system's integrity and fairness. A thorough review and reassessment of the decision are necessary to ensure that justice is served and that the Plaintiff's' rights are fully protected for the following reasons: In addition to the compelling legal arguments and evidence presented thus far, it is imperative to address the profound impact of the Defendants' defamation on the Plaintiffs. The defamation perpetrated by the Defendants of Wyndham and its associated entities has inflicted significant harm, both personally & professionally, on the Plaintiffs and their reputations. This defamation has not only caused immense emotional distress but has also resulted in tangible financial and professional consequences.

The Defendants' malicious and false statements have tarnished the Plaintiffs' reputations, casting doubt on their integrity and character in the eyes of the public.  As a result, the Plaintiffs have suffered irreparable harm to their personal and professional relationships, leading to ostracization, loss of trust, and damage to their careers and livelihoods major financial losses.  The fact that we do not desire to be an affiliated with  accompany that has alleged allegations of abuse to women and alleged any forms of trafficking issues; and the court must know these are issues fraught with issues Defendants didn't report in their SEC report to the public they hidden.

Furthermore, the Defendants' defamation has had a chilling effect on the Plaintiffs' ability to seek justice and obtain legal recourse for the harm they have suffered. By spreading false information and disparaging the Plaintiffs' credibility, in the court documents noted on eh docket they make it seem as if nothing has been don't, that is so its false lies and irreparable illegal activity that we have alleged & can prove.  The Defendants have effectively undermined their own ability to pursue their legal rights and seek redress through the courts; this further hurting the Plaintiffs and pretending as ifs it's a small unassuming misunderstanding; we will seek every resource known to Gods Legal & Justice process before we rest on this action.  We deserve our constitutional due Process.  The Plaintiff has

Moreover, the impact of defamation extends beyond the individual Plaintiffs to the broader community and society at large. By perpetuating false narratives and disseminating defamatory statements, the Defendants have eroded public trust in the legal system and undermined the foundational principles of justice and fairness.  In light of these egregious actions and their far-reaching consequences, it is incumbent upon this honorable court to not only hold the Defendants accountable for their defamation but also to provide the Plaintiffs with the necessary relief and restitution to mitigate the harm they have endured. Punitive damages, compensatory relief, and injunctive measures are essential to remedy the profound injustice inflicted upon the Plaintiffs and restore their reputations and standing in the community.

Your Honor,  in the pursuit of justice and adherence to the law, we respectfully submit this compelling argument for the court's reconsideration and ultimate ruling in our favor. Our case stands on the bedrock of legal opinions and the fundamental principle of transparency to consumers.

The legal landscape governing this matter is clear and well-established. Precedents, statutes, and legal codes, including the U.S. Supreme Court's opinion by Justice Scalia, underscore our right to seek redress and the enforcement of our constitutional values. As Justice Scalia aptly articulated, the remedy sought is not only just but essential to maintaining the integrity of our legal system.  Throughout this ordeal, we have remained steadfast in our commitment to transparency and accountability. Every action taken has been meticulously documented, ensuring that we have adhered to the highest standards of legality and ethical conduct. Our efforts to rectify the situation and uphold consumer rights have been exhaustive and unwavering.

The damages sought in this case are not excessive; rather, they are commensurate with the gravity of the harm inflicted. Punitive, compensatory, and defamation damages, totaling $15.4 billion dollars, are not only warranted but necessary to restore balance and rectify the egregious violations perpetrated against us.

- Compensatory Damages: These are intended to compensate the plaintiff for the actual harm suffered. They can include both economic damages (such as medical expenses, lost wages, property damage) and non-economic damages (such as pain and suffering, emotional distress).
- Punitive Damages: Also known as exemplary damages, these are intended to punish the defendant for egregious conduct and deter similar behavior in the future. Punitive damages are awarded in addition to compensatory damages and are often based on the defendant's actions rather than the plaintiff's losses.
- General damages that include pain and suffering, emotional distress, loss of consortium ref. to the physical injuries, emotional trauma, or other factors resulting from the defendant's actions are scared for life by the Defendants, and loss of enjoyment of life.

We implore the court to consider the substantive merits of our argument and the overwhelming evidence in support of our cause. A ruling in our favor would not only vindicate our rights but also reaffirm the court's commitment to justice and fairness. We urge the court to exercise its discretion judiciously and render a verdict that upholds the rule of law and protects the interests of justice. The time has come for the court to right the wrongs perpetrated against us and deliver a just and equitable resolution to this matter. In sum, the Defendants' defamation has caused immeasurable harm to the Plaintiffs, both personally and professionally, & has undermined the integrity of the legal system. It is imperative that this court take decisive action to address these harms and ensure that justice is served for the Plaintiffs and all those impacted by the Defendants' misconduct. Anything less would be a betrayal of the principles of fairness, equality, and justice upon which our legal system is founded.

The request for reinstatement of the initial request to award our judgment is a crucial aspect of seeking justice and redress for all of us as Class Action & us Plaintiffs' grievances. By reinstating the initial case with a ruling, as a reversal in our favor vise the Defendant closure ruling could be a step in the right direction. The court can affirm its commitment to upholding the rule of law and ensuring that the Defendants are held accountable for their actions. Additionally, the Plaintiffs are entitled to seek appropriate remedies and damages for the harm they have suffered as a result of the Defendants' misconduct. Let there be clear for the record the Defendants have sticky hands in the alleged theft & the egregious actions that are horrific and the glue they use needs to be stuck on them for their shameful conduct.

In conclusion, given the egregious nature of the Defendants' actions and the substantial losses incurred by the us as Plaintiffs, just us alone we have been severely impacted medical, non-therapeutic wise, health debilitating illness and devastating welfare has caused defamation wise real insult, harm & shame to honorable elderly citizens, professionally and personally impacted.

The requested amount of $15.4 billion in damages is justified and supported by the evidence presented in this case. We as Plaintiffs have meticulously documented every aspect of our claims, including financial losses, coercive sales practices, violations of consumer protection laws, and discriminatory actions, and the list goes on. Please God and Your Honor hear our Call to Lady Liberty and its Justice.

Furthermore, we as Plaintiffs have demonstrated how the Defendants' conduct has had a profound and lasting impact on our lives and livelihoods. From financial hardship to emotional distress, the Plaintiffs have suffered significant harm as a direct result of the Defendants' fraudulent timeshare schemes and deceptive business practices is evident by tens of thousands and the numerous already documented losses of so many and the mounting lawsuits.

But today should be the last year of this nightmare; we as citizens ask for reconsideration, fairness, and true justice. But we know it's Liberty for citizens who are dying fighting justice for rights of this country and standing up to big corporate greed.  Facts are facts & details speaks an echo that has been alleged.  Therefore, it is imperative that the court fully hear our vital spoken voices as we ask to be adjudicated, as our Plaintiffs' claims, and award appropriate damages to compensate for these bad things that have occurred.  It's losses and a provide a measure of justice for the harm the other victims and we have endured.  By reinstating the initial a relooked judgment and awarding the requested damages, the court can send a clear message that fraudulent behavior and corporate misconduct will not be tolerated, and that victims of such actions will be vindicated and compensated to the fullest extent of the law.

Conclusion and Relief Sought: Clearly we seek a  reversal of the judgment, modification of the order, & a new hearing we never had, on the facts of the specific issues & to further seek a Judgment in the Plaintiffs favor due to the circumstances. We have summarized our key arguments and emphasize why reconsideration is warranted in the interest of justice.  I am writing to respectfully request reconsideration of the judgment issued in the above-captioned case in early Feb. 2024.  As the Plaintiffs, we believe there are compelling legal grounds and significant developments that warrant the court's review and potential modification of its previous ruling as we see the respect to the court and legal process we are asking for fairness to our grounded legal position.  Your Honor is at the mercy of the court address.  Thank you for your attention to this matter.  I trust that the court will give due consideration to this motion for reconsideration and render a just and equitable decision.

We sincerely Thank You, Your Honor & the Court for your attention to this matter and for your dedication to upholding the law.  May Justice be the cornerstone of your decision.

Respectfully,

*Sandra Cullum*

Plaintiffs, | Ms. Sandra L. Cullum,

*Deirdre L Saleh*

Plaintiffs, | Ms. Deirdre L. Saleh