UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANDRA L. CULLUM and DEIRDRE SALEH,

                Plaintiffs,

-v-

WYNDHAM HOTELS & RESORTS CORP., WYNDHAM DESTINATIONS INC., MR. GEOFFREY A. BALLOTTI, WYNDHAM HOTELS (WH) & RESORTS, INC., MS. ELISABETH GALE, DBA WYNDHAM CORPORATE OFFICE & HEADQUARTERS, BROADRIDGE CORPORATE ISSUER SOLUTIONS,

                Defendants.

1:22-CV-09700-LTS-SN

---

## MEMORANDUM ORDER

Plaintiffs filed this action pro se. By order dated February 12, 2024, the Court dismissed this action with prejudice against all but one Defendant (1) pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. section 1 et seq., (2) for lack of personal jurisdiction, and (3) for failure to state a claim. (Docket entry no. 49 (the "Order").) In that Order, the Court directed Plaintiffs to file a Second Amended Complaint within 30 days if they sought to pursue litigation against Elisabeth Gale, against whom proper service had not been effected. (Id. at 27-28.) Plaintiffs did not file a Second Amended Complaint; instead, on March 4, 2024, they filed a "motion request for formal reconsideration" of the Order. (Docket entry no. 50 (the "Motion").)

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for reconsideration under Local Civil Rule 6.3. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); see also Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to pro se

litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," "leniency in the enforcement of other procedural rules," and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)).  After reviewing the arguments in the parties' submission, the Court denies Plaintiffs' motion.

## DISCUSSION

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).  The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it.  Id. at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); see Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009).  "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

Plaintiffs' Motion does not meet the high bar for reconsideration.  First, Plaintiffs primarily repeat facts and assertions that were included in the Amended Complaint.  These assertions, including allegations related to (1) Defendants' activities in New York and (2) Plaintiffs' financial losses as a result of Defendants' alleged fraudulent timeshare scheme,

mismanagement and inaccurate accounting of timeshare transactions, coercive and fraudulent sales tactics, and specific targeting of elderly citizens, were all considered by the Court in rendering its Order.  Because the Court did not "overlook[]" these allegations or arguments in the Order, reconsideration is not justified.  Akassy v. N.Y. Daily News, No. 14-CV-1725-LTS-JCF, 2017 WL 11464985, at *1 (S.D.N.Y. June 7, 2017).  Second, Plaintiffs—for the first time—argue that the arbitration clause in the relevant contract is invalid and unenforceable.  (Motion at 4-6.) Because "a party may not advance new facts, issues, or arguments not previously presented to the Court[,]" Nat'l Union Fire Ins. Co. v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted), Plaintiffs' new argument does not constitute proper grounds for reconsideration.  Third, Plaintiffs also allege facts related to recent events (i.e., Defendants' failure to respond to a settlement demand and Ms. Gale's alleged tactics to avoid service[1]) that have no bearing on the Order.  For that reason, this argument does not support reconsideration.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration of the MTD Order is denied in its entirety.  Additionally, because the deadline for Plaintiffs to file a Second Amended Complaint has elapsed, Plaintiffs' claims against Ms. Gale are dismissed without prejudice.

---

[1] This allegation does, however, bear on Plaintiffs' claims against Ms. Gale—which were not dismissed by the Order.  (Order at 26-27.)  The Order sua sponte granted "Plaintiffs 30 days to file a Second Amended Compliant clearly setting forth the factual basis of their claims against Ms. Gale and the factual basis for their contention that the Court can properly exercise personal jurisdiction over her." (Id. at 27.)  The Court also warned that, "[i]f no Second Amended Complaint is filed within 30 days, Plaintiffs' claims against Ms. Gale will be dismissed without prejudice and this case will be closed." (Id.)  That deadline has elapsed, and Plaintiffs have not filed a Second Amended Complaint.  For that reason, Plaintiffs' claims against Ms. Gale must be dismissed without prejudice.

The Clerk of Court is respectfully directed enter judgment dismissing the Amended Complaint against Ms. Gale without prejudice and to close this case. The Clerk of Court is also respectfully directed to mail Plaintiffs, at the addresses below, copies of this Memorandum Order.

SO ORDERED.

Dated: New York, New York
June 24, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Mail to:

Sandra L. Cullum
2770 West 5th Ave., Apt. 7A
Brooklyn, NY 11224

Deirdre Saleh
2675 W. 36th St., Apt. 1E
Brooklyn, NY 11224